Darren P.B. Rumack
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff.*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**SEGUNDO HUERTA,**

                **Plaintiff**

**v.**                                                   **COMPLAINT**
                                                     Index No.

                                                     **JURY TRIAL**
                                                     **DEMANDED**

**FAIK KOLENOVIC, Individually, and
AILA CONSTRUCTION CORP.**

                **Defendants.**
-------------------------------------------------------------------x

1. Plaintiff Segundo Huerta ("Plaintiff") alleges as follows:

## NATURE OF THE ACTION

2. This Action on behalf of Plaintiff, seeks the recovery of unpaid wages and related damages for unpaid overtime, while employed by AILA Construction Corp. ("AILA") and Faik Kolenovic ("Kolenovic") (collectively "Defendants"). Plaintiff seeks these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## PARTIES

3. Plaintiff, a resident of New York State, was employed as a construction worker from 2009 through June 18, 2022. Plaintiff was employed by Defendants during the relevant limitations periods.

4. Defendant AILA is a New York Corporation and is a construction company located at 8235 188th St., Hollis, NY 11423.

5. Upon information and belief, AILA has an annual gross volume of sales in excess of $500,000.00.

6. At all relevant times, AILA has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

7. Upon information and belief, Defendant Kolenovic is the owner and operator of AILA.

8. Upon information and belief, Defendant Kolenovic exercises control over AILA's day to day operations, including the ability to hire and fire employees and set employee schedules and employee rates of pay.

9. Defendant Kolenovic was an employer of Plaintiff during the relevant time period.

**JURISDICTION AND VENUE**

10. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction

that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## FACTUAL ALLEGATIONS

12. Defendants committed the following alleged acts knowingly, willfully and intentionally.

13. Defendants knew that the nonpayment of overtime to Plaintiff would economically injure Plaintiff and violated state and federal laws.

14. Plaintiff regularly worked 6 days per week for Defendants.

15. Plaintiff generally worked from 8:00 am until 5:00 pm.

16. Plaintiff would receive a 30 minute lunch break every day, thereby working 51 hours per week.

17. Plaintiff regularly handled goods in interstate commerce, such as construction materials and other supplies (i.e. paint, drywall, wood and concrete) produced outside the State of New York.

18. Plaintiff was paid $150.00 per day for the last 4 years of his employment.

19. Prior to that, Plaintiff was paid at a rate of $120.00 per day.

20. Plaintiff was paid weekly in check.

21. Plaintiff was not paid 1.5 times his regular hourly rate for hours worked over 40 per week.

22. Defendants failed to provide Plaintiff with a written notice of rate of pay with his correct hourly wage rates listed and failed to keep proper payroll records as required under New York law.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act- Overtime Violations

23. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

24. The overtime provisions set forth in the FLSA, 29 USC §§ 201 *et seq.,* and the supporting federal regulations apply to Defendants and protects Plaintiff.

25. Defendants have willfully failed to pay Plaintiff the overtime wages for hours worked in excess of forty (40) hours in a workweek.

26. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law-Overtime Violations

27. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

28. The overtime wage provisions of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

29. Defendants have willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours in a workweek.

30. Defendants' knowing or intentional failure to pay Plaintiff overtime wages for all hours worked over 40 per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

31. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the New York Labor Laws.

### THIRD CAUSE OF ACTION
### New York Labor Law-Record Keeping Violations

32. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

33. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

34. Defendants failed to provide Plaintiff paystubs with his correct hourly rate and hours worked as required by NYLL § 195.

35. Defendants' failure to make, keep and preserve accurate records was willful.

36. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

### PRAYER FOR RELIEF

37. WHEREFORE, Plaintiff prays for relief as follows:

a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

c. Penalties available under applicable laws;

d. Costs of the action incurred herein, including expert fees;

e. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

f. Pre-judgment and post-judgment interest, as provided by law; and

g. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

6

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right.

Dated: New York, New York  
       October 11, 2022

Respectfully submitted,

The Klein Law Group P.C.

By: /s/ Darren Rumack  
Darren P.B. Rumack  
39 Broadway, Suite 1530,  
New York, NY 10006  
Phone: 212-344-9022  
Fax: 212-344-0301  
*Attorneys for Plaintiff.*
.